UNITED STATES, Appellee

v

CARLOS SIGALA, Private, U. S. Marine Corps, Appellant

22 USCMA 264, 46 CMR 264

No. 26,843

May 10, 1973

Lieutenant *Walter A. Smith, Jr.*, JAGC, USNR, counsel for Appellant, Accused.

Lieutenant Colonel *L. K. O'Drudy, Jr.*, USMC, and Lieutenant *E. Alan Hechtkopf*, JAGC, USNR, counsel for Appellee, United States.

## Memorandum Opinion of the Court

On consideration of the Motion to Strike Petition for Grant of Review filed in this case, it appears that on February 13, 1973, the United States Navy Court of Military Review affirmed the findings and approved sentence adjudged by a special court-martial in the accused's case. Thereafter, appellate defense counsel who represented the accused before the Court of Military Review, filed in this Court, on behalf of the accused, a petition for grant of review pursuant to Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867(b)(3).

Rather than set forth the date accused was notified of the decision of the Court of Military Review and the date the request to petition this Court was placed in military channels, or in the mail, Rule 18(a), Rules of Practice and Procedure, US Court of Military Appeals, the petition recites:

4. The accused has not been available to be notified of the Court of Military Review's adverse decision and has not been informed of his appellate rights. Appellate defense counsel has made diligent efforts

to contact the accused since the date of the Court of Military Review's decision. These efforts having failed, this petition is submitted by the accused through his designated defense counsel acting on his behalf.

Contending that the petition shows on its face that "counsel acted upon his own initiative, not his client's instructions," and thus the petition does not confer upon this Court jurisdiction to review the case, appellate government counsel move to dismiss it.

The record forwarded to this Court with the petition does not show that accused was ever served a copy of the decision of the Court of Military Review, nor is there any indication that constructive service was relied upon, nor are any facts set forth to indicate that constructive service would be permissible. In short, the record is incomplete, and that incompleteness is attributable to the Government. Nor are we advised of the status of the accused on the date of the decision in question or on the date reflected by either the petition for review or the Government's reply to the petition. Since the Government is the moving party, and has access to the omitted information, its failure to supply the missing material facts leaves the Court in a position in which it can neither grant the motion to dismiss nor proceed to a consideration of the petition for grant of review. See United States v Smith, 22 USCMA 247, 46 CMR 247 (May 2, 1973).

Accordingly, it is ordered that said motion be denied; that action on the petition for review be held in abeyance until further order of the Court; and that if, within 20 days of the date of this order, the status of accused at the time of the decision of the Court of Military Review, at the time of actual or constructive service of said decision upon the accused, and at the time the petition for review was filed, are established by the Government, then, depending on the facts disclosed, a motion to dismiss may be reasserted.